ALICE WILLIAMS, ET AL., APPELLANTS, VS. JACKSONVILLE, TAMPA AND KEY WEST RAILWAY COMPANY, APPELLEE.

A wife is, under the Statutes of Florida, a competent witness as to her own interests in an action brought in her own right by herself and her husband.

Appeal from the Circuit Court for Duval County.

### STATEMENT.

The plaintiffs in error, Alice Williams and her husband, sue the defendant in error, alleging *inter alia*, in the declaration, that the wife was, at a time stated, a passenger for hire on its railroad, and was in a passenger coach, holding a ticket of said company, which she had paid for and which entitled her to ride in a first-class passenger car, and that under the circumstances, she being decently and becomingly dressed, and behaving in a modest, decent and lady-like manner, the conductor illegally, wrongfully and wilfully ordered her, on account of her color, she being a woman

of color, to leave this car fitted up and set apart for the use of ladies and gentlemen traveling on the railroad, and to go into and ride in another and inferior, less comfortable and decent car, a second-class car set apart for negroes and persons of color; and upon her failing to do so, as commanded by said conductor, he, with the aid of another servant of the company, wilfully, violently, ruthlessly, wrongfully and illegally, with force and arms made an assault and battery upon her, seized, pulled and dragged her, and cast her down from her seat to the floor of the car, and prostrated her thereon, and while she was thus prostrate, pulled and dragged her in like manner and with great violence and indignity across the platform dividing the two cars, and into the second-class car, the smoking car of the train, and left her there prostrate, sore, wounded, bruised and disabled, by all of which the declaration alleges (reading to its conclusion as follows:) "she was grieviously wounded, hurt and injured and subjected to great shame, indignity, mortification and disgrace, and from said violence, dragging and assault and battery received great injury and hurt to her womb, by which it became inflamed, irritated, displaced and diseased, by reason whereof she suffered and continued to suffer great pain and agony, and was disabled and disqualified to perform her duties, and was compelled to give up her housekeeping for a long time, to-wit: to the time of the commencement of these proceedings, and thereby great expense for medicines and medical attention was incurred by the said Alice; and the defendant other wrongs and enormities then and there did to the said Alice, to her damage of $10,000. Whereupon plaintiffs bring suit."

The defendant pleaded the general issue and numerous other pleas, all of which other pleas were demurred to, and the demurrer was sustained as to some and overruled as to

others; and upon those sustained, issue was joined; and the cause coming on for trial before a jury, the plaintiffs, as appears from the bill of exceptions, offered as a witness the plaintiff Alice, who being duly sworn was interrogated as to her age, place of birth and residence, and having duly answered, she was then asked by defendant's attorney if she was not one of the plaintiffs and the wife of the other, and having replied that she was, the same attorney objected to her competency as a witness, on the ground that she was a plaintiff and also the wife of the other plaintiff in the suit, and the objection was sustained, and the plaintiff announcing that they had no other witness by whom their case could be proved, took a nonsuit with a bill of exceptions, and have brought the case here by writ of error for review on this point, under the statute regulating the practice in such cases.

The other facts in the case are stated in the opinion.

*R. B. Hilton*, for Appellants.

*Fletcher & Wurts*, for Appellees.

RANEY, C. J.: The only error assigned is the ruling of the Circuit Judge excluding the wife as a witness.

Treating this suit as one substantially in favor of the wife and to which the husband is but a formal, yet necessary party, in her right, the character claimed for it by counsel for plaintiff in error and not controverted by counsel for defendant in error, or even if we could concede to the husband a more substantial status, we are satisfied there was error in excluding her as a witness. Upon plaintiff's theory of the case she was offered as a witness as to her own interests in her own behalf or in behalf of plaintiffs suing in her right, and the question is, did the fact that

she was a party to or interested in the suit, or that she was the wife of the other plaintiff, or all such facts, disqualify her from testifying?

The act of February 4th, 1874, (Sec. 24, p. 518, McClellan's Digest) removed from her the common law disqualification resulting from interest in and being a party to the cause, in all cases not falling within the exceptions of its proviso, which this case does not. The statute of March 7, 1879 (Sec. 23, p. 517, *Ibid*) enacting that in all civil actions married women shall not be excluded as witnesses in cases wherein their husbands are parties and allowed to testify, was not intended to restore to a wife any disability which had been removed by the former legislation. The meaning and purpose of the act are not to be found in a consideration of the condition of the law existing at the time of its enactment. Potter's Dwarris, p. 203, note 20. She at that time could, as a result of the act of 1874, have testified as to her own interests, although her husband was a party to the action, but she could not have testified as to his interests. Public policy, as regulated by the common law, would not, for reasons other than mere interest in the result of the suit, permit her to do this, in any action to which she was a party or interested, although the nature of the action was such that the act of 1874 permitted him to testify in his own behalf; the peace and welfare of families as a public consideration dictating her exclusion. The law standing thus in 1879, the evident purpose of the act of that year was to create competency in her where it did not exist before. There was no necessity for it to enable her to testify as to her own interests and where she was a party, even though her husband were one, but there was necessity for legislation, if it was desired that she should testify as to her husband's interests in any case. It was to overcome to

a certain extent this disability that the legislation of March 7, 1879, was made. Why the Legislature has not extended to the husband the same right to testify as to her interests in cases where she is a party and can testify as to such interests, is not a question for our consideration; we only know that it has not done so; and we are entirely satisfied that it was not the intention of the Legislature of 1879 in limiting its extension of the wife's competency to cases in which the husband is a party and "allowed to testify," to take away any right which had been previously given her. Testimony as to her own interests is not within the purview of the act; but it relates to testimony as to his interests. The purpose of the act was to permit her to testify as to his interests in some of the cases, from which she was, for reasons of public policy as the law still stood, "excluded," but not in all of them, and in limiting its modification of the existing exclusion it has seen fit to confine such modification to the cases in which he is a party and can testify as to his own interests. It has not seen fit to extend the modification further; to instance, it has not bestowed upon her competency to testify as to his interests in any case to which he may be a party, yet cannot, on account of the exceptions in the act of 1874, testify.

The judgment is reversed and the cause remanded.